<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
:
SKIDATA, INC.,                     :
:
              Plaintiff,   :
:   Civ. No. 09-0108 (GEB)
      v.                           :
:   **MEMORANDUM OPINION**
INTEGRATED SECURITY              :
SYSTEMS, INC.,                     :
:
              Defendant.   :
_____:

<u>**BROWN, Chief District Judge**</u>

      This matter comes before the Court upon the motion for remand and the request for attorney's fees of Plaintiff SKIDATA, Inc. ("Plaintiff") [Docket # 3]. On February 2, 2009, Defendant Integrated Security Systems, Inc. ("Defendant") voluntarily withdrew its notice of removal of this action and opposed Plaintiff's remaining request for attorney's fees [# 13]. The Court has considered the parties' submissions and has decided Plaintiff's request for attorney's fees without oral argument pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Plaintiff's request for attorney's fees will be denied.

**I.    BACKGROUND**

      Defendant removed this case from New Jersey Superior Court, Somerset County, on January 8, 2009 [#1]. Shortly thereafter, on January 12, 2009, Plaintiff filed the instant motion to remand, and argued that Defendant's removal of this case was not timely [#3]. In its motion to remand, Plaintiff also sought reimbursement for attorney's fees, costs, and disbursements incurred challenging Defendant's removal of this case [*Id.*]. On February 2, 2009, Defendant

voluntarily withdrew its notice of removal of this action and opposed Plaintiff's remaining request for attorney's fees [# 13]. On February 11, 2009, the parties joined a teleconference with United States Magistrate Judge John J. Hughes, during which Judge Hughes attempted to broker a settlement of the present attorney's fees request – the only issue that remains in this case. During that teleconference, it became apparent that Defendant's removal of this case was untimely, if at all, by only a few days. Further, it seemed that the parties had been confused regarding the calculation of deadlines under the Federal Rules of Civil Procedure and/or this Court's Local Civil Rules. At the conclusion of the February 11, 2009, teleconference, Plaintiff declined to withdraw its request for attorney fees, costs and disbursements.

## II.   DISCUSSION

### A.  Legal Standard

A plaintiff requesting attorney fees bears the burden of proving that the requested fees are reasonable. *Hensley v. Eckerhart*, 416 U.S. at 437. That burden is met by the plaintiff's production of evidence of the reasonableness of the hours and hourly rate claimed. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)  If the plaintiff meets this burden, the adverse party bears the burden of challenging the "reasonableness of the requested fee." (*Id.*)  When deciding whether a requested fee is reasonable, the Court should consider only the factors raised by the adverse party. (*Id.*)  Despite this limitation, "the district court has a great deal of discretion to adjust the fee award" based upon the objections of the adverse party. (*Id.*)

### B.  Application

Applying the standard above to the facts of this case, the Court, in its discretion, declines to award Plaintiff any attorney's fees, costs, or disbursements in this case. The record of the

February 11, 2009, teleconference with Judge Hughes reveals that if Defendant's removal of this action from New Jersey Superior Court was untimely, Plaintiff missed the deadline by only a few days. Further, the record of the teleconference indicates that there was confusion among the parties regarding the calculation of filing deadlines under the Federal Rules of Civil Procedure and/or this Court's Local Civil Rules. Thus, it appears that any error on the part of Defendant in filing its removal was likely a simple mistake. In any event, the record does not support the assertion made by Plaintiff in its reply brief that Defendant removed this case in bad faith and exhibited a general pattern of malfeasance throughout this litigation [# 15]. In sum, the Plaintiff has not carried its burden of proving that a fee award is reasonable under the circumstances of this case. As such, the Court, in its discretion, declines the request for attorney's fees, costs, and disbursements made by Plaintiff in its motion to remand [# 3].

### III.  CONCLUSION

For the foregoing reasons, Plaintiff's request for attorney's fees, costs, and disbursements will be DENIED. In light of this decision, the Court will order the Clerk of the Court to CLOSE this case.

Dated: March 23, 2009

                                            /s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.